IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL M. GRAHAM                               *
        Petitioner,
    v.                                        *  CIVIL ACTION NO. JFM-06-1296

STATE OF MARYLAND                          *
        Respondent.
                                   ***

**MEMORANDUM**

Petitioner, a detainee at the Baltimore City Detention Center, filed a letter petition on May 18, 2006, complaining about criminal charges filed against him. Paper No. 1. The petition is somewhat unclear and difficult to decipher. Petitioner first references a state court action he filed against the Maryland Division of Correction. He later claims that "he is not guilty of the charges they place[d] against me" and complains that his public defender and others refuse to take action on his behalf because they are Republicans and he is a "Democratic Republican." *Id*.

To the extent that petitioner is attacking pending criminal charges and is seeking release from confinement, his action shall be treated as a U.S.C. § 2241 habeas petition. A district court will generally not intervene in ongoing state court criminal matters until the state judicial remedies available to a petitioner have been fully exhausted. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609-610 (1975). Moreover, for a federal court to exercise its habeas corpus power to stop state criminal proceedings, "special circumstances" must exist. *See Braden v. 30th Judicial Circuit*, 410 U.S. 484, 489 (1973); *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977). Such extraordinary circumstances include: bad faith prosecution; prosecution under patently unconstitutional statutes; or prosecution before a biased state tribunal. *See Younger v. Harris*, 401 U.S. 37 (1971); *Moore v. Sims*, 442 U.S. 415 (1979).

Petitioner has not exhausted his state court remedies. Further, assuming, without deciding, that he has raised viable claims under the United States Constitution, his allegations do not raise substantive grounds for federal court intervention in his pending state prosecution by means of a pre-trial § 2241 habeas petition. *See, e.g., Dickerson v. Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987). The merits of the habeas petition shall not be considered by this Court. Accordingly, a separate Order shall be entered dismissing this action without prejudice.

Date:  May 31, 2006

                                              J. Frederick Motz
                                              United States District Judge